UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

**Case No.:** 2:24-cv-10380-BFM      **Date:** January 27, 2025

**Title:** Vikeshini Lal Naidu v. Target Corp., et al.

================================================================

**Present:** The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) Order to Show Cause Re: Federal Jurisdiction

    Plaintiff Vikeshini Lal Naidu filed the Complaint in this case in Los Angeles County Superior Court on October 30, 2024. (ECF 1 at 10.) Defendant Target Corporation filed a notice of removal on December 2, 2024. (ECF 1 at 1.) Plaintiff is a California citizen. (ECF 1 at 10.) Target identified itself as a corporate citizen of Minnesota (ECF 1 at 3.) The Complaint, however, also names Defendant Bryan Vaught, a California citizen. (ECF 1 at 10.) Vaught's presence in the case appears to destroy diversity and divest the Court of subject-matter jurisdiction.

    Federal courts have subject-matter jurisdiction only over matters authorized by the U.S. Constitution and Congress. *See*, *e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

**Case No.:** 2:24-cv-10380-BFM     **Date:** January 27, 2025

**Title:** Vikeshini Lal Naidu v. Target Corp., et al.

federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, it appears that both Plaintiff and Defendant Vaught are citizens of California. In removing the case, Target claimed that Vaught was improperly named in the case and suggested that the parties had contemplated his dismissal. (ECF 1 at 4.) Vaught, however, remains in the case and has now answered. *See* 28 U.S.C. § 1141(b)(2) (a civil action otherwise removable solely on the basis of jurisdiction under §1332(a), may not be removed if any of the defendants is a citizen of the state in which the action is brought).

Accordingly, Defendants are ordered to show cause, in writing, **no later than February 5, 2025**, why the Court should not remand this action to state court because there is not complete diversity of citizenship between the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-10380-BFM          **Date:**  January 27, 2025

**Title:**  Vikeshini Lal Naidu v. Target Corp., et al.

Before doing so, the parties are ordered to meet and confer to determine whether a stipulation to remand is appropriate and to discuss in detail their respective positions if they disagree. In the event of disagreement, Plaintiff may also file a statement of his position **no later than February 5, 2025**. Failure by Defendants to timely comply with this order may result in remand.

**IT IS SO ORDERED.**

cc:    Counsel of Record

Initials of Preparer:    ch