JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VIKESHINI LAL NAIDU,<br><br>    Plaintiff,<br>v.<br>TARGET CORP., et al.,<br><br>    Defendant. | No. 2:24-cv-10380-BFM<br><br>**ORDER REMANDING CASE TO STATE COURT** |

The Complaint in this action arises out of a slip and fall incident that occurred on February 7, 2024, in a Target store located on South Street in Cerritos, California. (Compl. ¶ 1.) Plaintiff filed the Complaint in Los Angeles County Superior Court on October 3, 2024, alleging causes of action for premises liability and negligence. Plaintiff names as Defendants Target Corporation and Bryan Vaught, who Plaintiff alleges was the store manager at the time of Plaintiff's accident. (Compl. ¶¶ 3, 4.)

On January 29, 2025, Defendant Target removed the matter to this Court pursuant to 28 U.S.C. § 1441(b). (ECF 1.) On January 27, 2025, the Court ordered the parties to show cause why the matter should not be remanded based on lack of complete diversity of citizenship between the parties. (ECF 19.)

1  Defendant contends that removal was appropriate because: (1) Plaintiff is a
2  citizen of California; (2) Target Corporation is a citizen of Minnesota; (3)
3  Plaintiff's alleged damages exceed $75,000; and (4) Defendant Vaught, although
4  a citizen of California, has never been employed at the Cerritos store and, thus,
5  was fraudulently joined to destroy diversity. (Removal at 2-4.) Plaintiff argues
6  that Defendant improperly removed the case.

7  This Court finds there is not complete diversity in this action and sua
8  sponte remands this action to the Los Angeles County Superior Court.

## A. Defendant Vaught Was Not Fraudulently Joined

Federal courts "are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When an action is originally filed in state court, a defendant may remove it to federal court based on federal question jurisdiction or diversity jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). But there is a "'strong presumption'" against removal jurisdiction, and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Consistent with these principles and with deference for state courts, federal courts resolve "all ambiguity in favor of remand." *Hunter*, 582 F.3d at 1042.

Removal based on diversity jurisdiction "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The court, however, "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). The Ninth Circuit has set forth two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action

2

1 against the non-diverse party in state court." *Id.* at 548 (quoting *Hunter*, 582
2 F.3d at 1044).

3 Under the second approach to establishing fraudulent joinder—which appears to be Defendant's theory here—the defendant must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that a plaintiff's failure to state a claim must be "obvious according to the settled rules of the state"). Significantly, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Grancare*, 889 F.3d at 549. If the plaintiff fails to plausibly state a claim, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.

A defendant asserting fraudulent joinder "bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder'"—a presumption that is consistent with the "strong presumption" against removal jurisdiction. *Id.* at 548 (quoting *Hunter*, 582 F.3d at 1046). Fraudulent joinder "must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). And while the Court may, in its discretion, consider additional facts that show that a defendant has been fraudulently joined, "in many cases, the complaint will be the most helpful guide" in determining that issue. *Grancare*, 889 F.3d at 549 (citations omitted).

Target argues that Vaught was fraudulently joined. It submits a declaration from Vaught stating that on February 7, 2024, the date of Plaintiff's fall, he was not the store manager at the Cerritos Target store and he was not working at that store either. (Vaught Decl. ¶ 4.) As such, Defendant argues,

3

1  Vaught had no control over the premises where the fall occurred and cannot be
2  liable to Plaintiff under any theory. (Resp. at 4-5 (citing *Grancare*, 889 F.3d at
3  548).) Defendant thus urges this Court to conclude that Vaught was
4  fraudulently joined. (Resp. at 5.)

5        Target has not established by clear and convincing evidence that Vaught
6  was fraudulently joined. Although Vaught's Declaration states that he never
7  worked at the Cerritos store, "a denial, even a sworn denial, of allegations does
8  not prove their falsity." *Grancare*, 889 F.3d at 551; *see also Berryhill v. Costco*
9  *Wholesale Corp.*, No. 2:23-cv-00315 WBS AC, 2023 WL 3302869, at 82 (E.D. Cal.
10 May 8, 2023) (finding that a "self-serving declaration written by the defendant
11 in question hardly qualifies as the 'extraordinarily strong evidence' required to
12 prove fraudulent joinder"); *see also, e.g.*, *Mike-Price v. Toshiba Lifestyle Prods.*
13 *& Servs. Corp.*, No. 2:23-02214-SPG-MAA, 2023 WL 3737811, at *7 (C.D. Cal.
14 May 31, 2023) (remanding, despite "compelling" declarations suggesting that a
15 particular Defendant had nothing to do with the supply chain for the relevant
16 product); *Pacheco v. Home Depot U.S.A., Inc.*, No. 24-cv-05590-EKL, 2025 WL
17 314146 at *2 (N.D. Cal. Jan. 28, 2025) (collecting cases remanding slip and fall
18 cases despite declarations from store managers that they were not working on
19 the day of the accident).

20       Here, moreover, Plaintiff's counsel indicated that his process server was
21 informed by the mother of Vaught's children that Vaught works at the Target
22 store in Cerritos. (Pl.'s Resp. Ex. D.) Where the parties present conflicting
23 evidence, such evidence "must be viewed in the light most favorable to
24 Plaintiffs" when assessing fraudulent joinder. *See McCarty v. Johnson &*
25 *Johnson*, No. 1:10-CV-00350 OWW-DLB, 2010 WL 2629913, at *5 (E.D. Cal.
26 June 29, 2010) (citation omitted); *see also Calero v. Unisys Corp.*, 271 F. Supp.
27 2d 1172, 1176 (N.D. Cal. 2003) (in determining whether a defendant has been
28

4

1 fraudulently joined, "all disputed questions of fact . . . are [to be] resolved in
2 plaintiff's favor") (citation omitted). Applying that standard here, and given the
3 strong presumption against fraudulent joinder, the Court determines that
4 Vaught was not fraudulent joined.[1] As there is not complete diversity among the
5 parties, the case must be remanded.

**B. The Court Declines to Rule on Plaintiff's Request for Costs and Expenses**

Plaintiff seeks an award of attorney's fees and costs in the amount of $4,706.20 pursuant to 28 U.S.C. § 1447(c). (Pl.'s Resp. at 2-3.) She has not supported that request with billing records, nor is it clear why she believes she would not have incurred the costs of serving Defendant Vaught if the case had remained in state court. The Court therefore denies her request without prejudice to a renewed motion for attorney's fees, supported by appropriate documentation. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992) ("[B]ecause the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand, the district court retained jurisdiction after remand to entertain Plaintiffs' motion for attorney's fees.").

---

[1] The Court further notes that Plaintiff has repeatedly asked defense counsel for the name of the store manager, if it is not Vaught, and has been rebuffed. (Antunovich Decl. ¶¶ 2, 3, 5 & Exs. A-F.) Defendant does not suggest that a store manager cannot be liable for claims like the ones Plaintiff brings, and has refused to provide the correct name—presumably, another resident of California who would destroy complete diversity. This tends to suggest that it is Defendants, not Plaintiff, who are being cagey with respect to whether the case is properly in this Court.

5

**C.     Conclusion**

Based on the foregoing, this case is remanded to the Los Angeles County Superior Court. The scheduling conference scheduled for April 8, 2025, is taken off calendar, and all other deadlines are vacated. The request for attorney's fees is **denied without prejudice** to filing of a properly supported motion.

**IT IS SO ORDERED**.

DATED: February 14, 2025    _____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE